IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAPHNE RODENBAUGH,** | : | |
| | : | |
| Plaintiff | : | Civil No. 3:13-CV-1825 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| **JOSEPH LEARY,** | : | |
| **ADMINISTRATIVE LAW JUDGE,** | : | (Magistrate Judge Carlson) |
| et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

I.  **Statement of Facts and of the Case**

The circumstances of the plaintiff in this action, Daphne Rodenbaugh, inspire sadness, sympathy and concern. Ms. Rodenbaugh has endured a difficult life and faces many challenges. She reports that she has suffered medical ailments, and has attached documentation to her latest *pro se* complaint which reveals that she has experienced severe emotional and mental health challenges as well. Ms. Rodenbaugh is also a familiar litigant in this court, who has unsuccessfully turned to the federal courts on a number of occasions to try to resolve matters which are often better addressed through the medical and social services systems. Indeed, court records disclose that Rodenbaugh has filed more than 20 unsuccessful *pro se* lawsuits over the past two decades. Despite our concern for Ms. Rodenbaugh, we are compelled

to conclude that the matters which currently trouble her are not amenable to a solution in federal court through the latest *pro se* civil complaint she has drafted.

In this complaint, Ms. Rodenbaugh provides a confused, and confusing factual narrative, indicating that she believe that her neighbors are eavesdropping on her; alleging that the neighbors have confronted her about an imaginary boyfriend that she has claimed to have had; and asserting that other, unnamed parties are interfering with her mail, including obstructing delivery of mail she was expecting from some celebrities, who are not further identified. (Doc. 1.) Ms. Rodenbaugh also refers to various mental health difficulties she has experienced, difficulties which she describes in her pleadings, but denies adversely affect her. (Id.) Ms. Rodenbaugh then identifies Joseph Leary, who appears to be an Administrative Law Judge, as the sole named defendant in this lawsuit. (Id.) Yet, while named as a defendant, Leary is not mentioned by Rodenbaugh at any point in the body of her complaint. (Id.) Thus, there is no factual or rational connection between defendant Leary and the acts alleged in the complaint articulated by Ms. Rodenbaugh. Ms. Rodenbaugh's complaint then concludes with the demand that she be awarded either " "$18 million" or "18 billion" dollars from Leary in damages." (Id.)

Along with her complaint, Ms. Rodenbaugh has filed a motion seeking leave to proceed *in forma pauperis*. (Doc. 2.) Upon an initial screening of the complaint

pursuant to 28 U.S.C. § 1915, we will recommend that the district court grant plaintiff's motion to proceed *in forma pauperis*, but dismiss her complaint as frivolous and because it fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

## II. DISCUSSION

### A. Legal Standards Governing Sufficiency of Civil Complaints

This Court has an ongoing statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level

5

of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what

6

a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. Ms. Rodenbaugh's Complaint Fails to State a Claim Upon Which Relief Can Be Granted

In its current form Ms. Rodenbaugh's complaint is flawed in several fundamental respects. First, the complaint is subject to dismissal because it presents a cause of action that "relies on 'fantastic or delusional scenarios.' Neitzke v. Williams, 490 U.S. 319, 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).' " DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009). We are obliged to "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to

discussion.' Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (internal citations and quotation marks omitted)." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009). "In this regard, what controls is our assessment regarding whether "the complaint is subject to dismissal because it presents a cause of action that' "relies on "fantastic or delusional scenarios.""" Neitzke v. Williams, 490 U.S. 319, 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir.2009). Gilboy v. Mellow, 3:CV–12–1237, 2012 WL 3957977 (M.D.Pa. June 29, 2012) report and recommendation adopted, 3:12–CV–1237, 2012 WL 3959270 (M.D.Pa. Sept.10, 2012). Prout v. Margetas, 3:12CV2472, 2013 WL 3273389 (M.D. Pa. June 27, 2013).

Here, dismissal of Ms. Rodenbaugh's claims is appropriate under this legal benchmark. This *pro se* complaint digresses in ways which are not grounded in fact. It discusses Ms. Rodenbaugh's mental health challenges, describes her suspicions that neighbors are eavesdropping upon her, acknowledges her imaginary boyfriend, and expresses concerns about her missing correspondence with celebrities. None of these events are tied in any rational way to either the defendant named in this lawsuit, or to Rodenbaugh's demand for $18,000,000,000 in damages. Taken as a whole, the allegations in "the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly

unsubstantial, ... or no longer open to discussion.' Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (internal citations and quotation marks omitted)." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009). Therefore, dismissal of the complaint is called for here.

In addition, dismissal of this complaint is warranted because the complaint plainly fails to comply with Rule 8's basic injunction that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n. 1 (5th Cir.2005). These principles are applicable here, and compel the dismissal of this complaint. By any

9

standard, this complaint is not a "short and plain" statement of a cause of action containing averments that are "concise, and direct." Therefore, Rule 8 compels dismissal of the complaint in its entirety.[1]

Further, Rodenbaugh's complaint is flawed in another basic respect. It names a single defendant in its caption, Joseph Leary, but alleges no factual matters relating to Leary in the body of the complaint. This cryptic style of pleading will not do. In considering claims brought against officials arising out of alleged constitutional violations, the courts recognize that prison officials may be exposed to liability only in certain, narrowly defined, circumstances. To state a constitutional tort claim the plaintiff must show that the defendant actively deprived her of a right secured by the Constitution. Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

---

[1] While such dismissals are often initially made without prejudice, in this case where we find that the claims also "rely on fantastic scenarios lacking any arguable factual basis," DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009), we believe that dismissal of these allegations, with prejudice, would be appropriate.

In particular, it is well-established that:

"A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

As the Supreme Court has observed:

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009).

Here, Rodenbaugh names a defendant in the caption of this case without making any factual allegations about these defendants in the body of this pleading. To the extent that Rodenbaugh premises the liability of the defendant upon his

11

official status without setting forth any further factual basis for a claim in the body of this pleading, this cursory style of pleading is plainly inadequate to state a claim against them and compels dismissal of these defendants. Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case.)

Thus, by any measure, Ms. Rodenbaugh's complaint fails to state a cognizable claim. Indeed, it fails even to allege facts that plausibly could give rise to a claim for relief. Moreover, review of the complaint reveals not only that it lacks a procedural or substantive basis, but also that it is predicated on implausible, baseless, and generic allegations that simply provide no support for any conceivable federal claim – including whatever unarticulated claims that Ms. Rodenbaugh may have been attempting to prosecute in this case. Thus, simply put, the complaint "rel[ies] on fantastic scenarios lacking any arguable factual basis," DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009).

We recognize that Ms. Rodenbaugh has had a number of serious challenges in her life. Nevertheless, the nature of her grievances against this defendant are not adequately pleaded in this civil action, and the factual narrative that comprises her complaint makes clear that this civil action is simply meritless. Because the shortcomings of the complaint are manifold and obvious, we recommend that the

district court dismiss this action as frivolous and for failure to state a claim upon which relief can be granted.

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the plaintiff has not articulated any civil rights cause of action, and in our estimation the complaint itself demonstrates that plaintiff's lawsuit is frivolous and provides no basis upon which relief could be granted in federal court. Accordingly, we will recommend that the action be dismissed with prejudice.

### III. Recommendation

Accordingly, plaintiff's motion to proceed *in forma pauperis* (Doc. 2.) is GRANTED, but IT IS RECOMMENDED that the Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file

with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of July 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge